**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

MARCIA HAUENSTEIN by and through Kathy Switzer, Next friend and Attorney-in-fact,

Plaintiff,

vs. Case No. CIV-10-940-M

STATE OF OKLAHOMA ex rel. OKLAHOMA DEPARTMENT OF HUMAN SERVICES, and HOWARD H. HENDRICK, Director of Human Services; STATE OF OKLAHOMA ex rel. OKLAHOMA HEALTH CARE AUTHORITY, and MIKE FOGARTY, Director of Oklahoma Health Care Authority,

Defendants.

**ORDER**

Before the Court is plaintiff's Application for Attorneys' Fees and Costs, filed May 31, 2011. On June 15, 2011, defendants filed their response. Plaintiff has filed no reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

On August 30, 2010, plaintiff filed the instant action challenging the Oklahoma Department of Human Services' decision to deny her Medicaid benefits. Plaintiff sought declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Following motions for summary judgment filed by both plaintiff and defendants, as well as additional briefing ordered by the Court and a hearing, the Court found that plaintiff was entitled to judgment in her favor. On May 19, 2011, the Court entered judgment in favor of plaintiff and against defendants Howard H. Hendrick, in his official capacity as Director of Human Services, and Mike Fogarty, in his official capacity as Director of Oklahoma

Health Care Authority, and directed defendants Hendrick and Fogarty to certify plaintiff for Medicaid eligibility. Pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988, plaintiff now moves this Court for attorneys' fees and costs.

II. Costs

Local Civil Rule 54.1 provides, in pertinent part:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief. The bill of costs and brief shall be filed not more than 14 days after entry of judgment. Any request shall be a separate document from a motion for legal fees.

LCvR 54.1 (emphasis added).

While plaintiff filed her application for costs within fourteen days after entry of judgment in this case, plaintiff did not file a bill of costs on the form provided by the Clerk or file her request for costs as a separate document from her motion for attorneys' fees as required by Local Civil Rule 54.1. Because plaintiff failed to comply with Local Civil Rule 54.1, the Court finds that plaintiff's application for costs should be denied.

III. Attorneys' Fees

Title 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of sections . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "[T]he prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Dahlem v. Bd. of Educ. of Denver Pub. Sch.*, 901 F.2d 1508, 1510 (10th Cir. 1990) (internal quotations and citations omitted). "In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the

claimant's fee request is 'reasonable.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). Further, the United States Supreme Court has recently held that the lodestar method[1] is the preferred method to use when determining an award of attorneys' fees. *See Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

In their response, defendants contend that plaintiff is not entitled to attorneys' fees in this case based upon the following: (1) plaintiff did not receive judgment under 42 U.S.C. § 1983; (2) plaintiff is not a prevailing party because she was certified for Medicaid months before judgment was granted; (3) plaintiff's claims for fees and costs incurred prior to May 9, 2011 are unreasonable; and (4) part of the claimed attorney time was not spent on this litigation. First, the Court finds defendants' contention that plaintiff did not receive judgment under § 1983 is clearly erroneous. In its May 19, 2011 Order, the Court clearly stated that plaintiff was entitled to judgment "on her claims under 42 U.S.C. § 1983". May 19, 2011 Order [docket no. 49] at 5 n.3.[2]

Second, defendants Hendrick and Fogarty assert that plaintiff was certified for Medicaid on October 7, 2010 and that this action was, therefore, moot prior to this Court's judgment. Defendants Hendrick and Fogarty, thus, contend that plaintiff is not a prevailing party because this Court's judgment did not change the legal relationship between plaintiff and defendants because plaintiff was already a Medicaid beneficiary at that time. Defendants Hendrick and Fogarty, however,

---

[1]Under the lodestar method, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate.

[2]Although plaintiff's § 1983 claims against defendants the State of Oklahoma, the Oklahoma Department of Human Services, and the Oklahoma Health Care Authority were dismissed and summary judgment as to plaintiff's § 1983 claims was granted in favor of defendants Hendrick and Fogarty, in their individual capacities, the Court found that plaintiff was entitled to judgment in her favor as to her § 1983 claims against defendants Hendrick and Fogarty, in their official capacities.

provide no evidentiary support for this assertion. Defendants Hendrick and Fogarty state that plaintiff was certified to be eligible for Medicaid Long-Term Care services on October 7, 2010 but provide absolutely no documentation, or any other evidence, of such. Without any evidentiary support for defendants Hendrick and Fogarty's assertion, and because plaintiff clearly succeeded on a significant issue in this case and obtained the relief sought through her Complaint, the Court finds that plaintiff was the "prevailing party" in this action.[3]

Third, defendants Hendrick and Fogarty contend that the judgment in this case was granted on facts and legal theories that were not asserted by plaintiff until a week before the hearing on the parties' motions for summary judgment. Defendants Hendrick and Fogarty, thus, contend that the large majority of time that plaintiff is seeking payment for was unnecessary and, therefore, unreasonable. Having carefully reviewed the court file in this case, the Court finds defendants Hendrick and Fogarty's contention is erroneous. At least as early as plaintiff's objection to defendants' motion for summary judgment, plaintiff asserted that the Eck Trust was not a countable resource – the ultimate basis for the Court's judgment in this case. Additionally, the Court finds that this basis is clearly consistent with the facts and allegations set forth in plaintiff's Complaint.

[3]The Court, however, is extremely troubled by the proposition that plaintiff was certified for Medicaid on October 7, 2010 and neither party advised the Court of such. A great amount of judicial time was spent on this matter, which according to defendants was unnecessary. Contrary to defendants Hendrick and Fogarty's assertion that it was plaintiff's obligation to notify the Court, the Court believes that it was both plaintiff's and defendants' obligation and duty to the Court. In fact, defendants did not file their Answer in this case until October 21, 2010, after defendants Hendrick and Fogarty contend plaintiff was already certified. Further, the Status and Scheduling Conference in this case did not occur until January 4, 2011. The Court simply can not fathom why, if plaintiff had, in fact, already been certified by January 4, 2011, counsel for the parties would not have advised the Court of such. If the Court had been presented evidence to support defendants Hendrick and Fogarty's assertion, the Court, in addition to denying attorneys' fees, would have required counsel for all parties to show cause why they should not be sanctioned for their failure to notify the Court.

Accordingly, the Court finds that attorneys' fees for work performed prior to May 9, 2011 are not per se unnecessary and unreasonable.

Finally, defendants Hendrick and Fogarty contend that certain claimed attorney time was not spent on this litigation. Having carefully reviewed the time records attached to plaintiff's application, the Court finds that certain time entries are unrelated to the case at bar and no award of attorneys' fees should be made in relation to these entries. Specifically, the Court finds the following entries unrelated: Slip ID nos. 13455, 13456, 12325, 12302, 12330, 12404, 12405, 13374, 13370, 13442, 13421, 13577, 13578, 14723, 14693, 14687, 17792, 17793, 18105, 18104, and 20113. Additionally, the Court finds that attorneys' fees for time entry no. 13486 should not be awarded. The entry includes drafting the Complaint; yet, the date on the entry is nearly a month after the Complaint was filed, and the entry includes preparing EOAs and Summons, the preparation of which was also included in time entry nos. 12735 and 12739. Accordingly, the Court finds that plaintiff's request for attorneys' fees should be reduced by $2,840.00.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Application for Attorneys' Fees and Costs [docket no. 52] as follows:

    (A)     The Court DENIES plaintiff's application for costs;

    (B)     The Court GRANTS IN PART and DENIES IN PART plaintiff's application for attorneys' fees, and

(C) The Court AWARDS plaintiff attorneys' fees in the amount of $25,452.50.

**IT IS SO ORDERED this 26th day of August, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE